BARTLEY MCCRARY, *et al.*, plaintiffs in error, *vs.* HARRIET PERRY, administratrix, defendant in error.

1. Where the Judge, on the calling of a cause, intimates, that, in his opinion, the defendant's plea is a bad one, and the parties nevertheless go to trial, and no point is made on the plea, or on the evidence under it: *Held*, that the intimation of the Judge, made before the cause was submitted to a jury, is not a ground of error.
2. When there is a plea to the jurisdiction of the Court, and a trial and verdict, and the defendant complains that the verdict is contrary to the evidence, he cannot, for that reason, move to set aside the judgment. He must move for a new trial, in the manner provided by law.

Remarks by Judge. Practice. Before Judge WORRILL. Taylor Superior Court. April Term, 1869.

Mrs. Perry, as administratrix of C. Y. Perry, sued Bartley McCrary and G. F. McCrary, security, upon their promissory

McCrary *et al., vs.* Perry.

note, made the 21st of February, 1863, payable to her, as such administratrix.    The pleas were that the consideration of said note was slaves, and that credit was given to the makers upon faith of their property, that they were worth $30,000 00 and lost $28,000 00 by the war.    After the jury was empanelled the Judge remarked, to defendants attorney, that he had decided the "Relief Law" to be unconstitutional, and would so decide till he could see the decision of the Supreme Court and know that it was to the contrary, and that he had concluded not to try such issues, till his doubts as to the Supreme Court's decision was solved.    The remark was made to allow defendant's counsel to continue.    But he asked for no continuance and replied that the defense was that the note was given for a slave.    The Judge replied that the cause could proceed, and that it was well known that he had decided that notes given for slaves, were not collectable, under the Constitution of 1868.    This conversation was in the hearing of the jury.

Plaintiff's attorneys read in evidence said note and closed. The evidence showed that this note was given in renewal of other notes, given by said makers, the consideration of which was *not* slaves, nor the hire of slaves, but that the original notes had been traded to plaintiff, by the holder of them, for slaves which he purchased from said C. Y. Perry's estate. The loss of property, as pleaded was shown.    The jury found for the plaintiff, for the amount due on said note.    Defendant's counsel did not move for a new trial but say here that this verdict was contrary to the law and evidence, and that said remarks of the Judge were erroneous.

M. H. BLANFORD, for plaintiffs in error.

W. S. WALLACE, for defendant.

McCAY, J.

1. The remarks made by the Judge in this case, to defendant's counsel, on the calling of the cause, and *before it was submitted to the jury*, cannot, in any fair sense, be said to be

a decision, judgment or decree in the cause. No objection seems to have been made to the plea, or to the admission of evidence under it. Indeed, for all we can see upon the record, the parties on both sides seem to have treated the remark of the Judge as a mere suggestion, since neither of them acted upon it. The known opinion of a Judge, as to the law of a case, is no excuse for failing to put in a plea or tender evidence. A Judge cannot decide a point until it is made. At any rate, this Court cannot hold as error, a decision which is not in fact made in the cause, and the knowledge of the party of the Judge's opinion, is no excuse for failing to demand a decision.

2. Whilst we would not, perhaps, disturb the verdict of the jury, on the plea to the jurisdiction of the Court, were it brought before us, even on a motion for a new trial, for the reason that there is, without doubt, *some* evidence to support it, yet we are clear, that even if it were directly contrary to the evidence, it cannot be reached by a mere motion to set aside the verdict, on the ground that the Court had no jurisdiction of the case. That was one of the very *issues* passed upon by the jury, indeed, it was *the principal issue* on the trial. The jury has found, that, under the facts, the Court *had* jurisdiction. The verdict is conclusive, unless it be set aside in the usual way, by a motion for a new trial. We will not say that there might not be circumstances of fraud, or perjury and corruption, sufficient to authorize a Court to set aside a verdict; but there is no such allegation here. It is a simple attempt to move to set aside the verdict, because, as is alleged, it is against the weight of evidence.

There is no brief of testimony filed and approved by the Court, no notice, etc., as is required by law, in motion for a new trial. Nor is it pretended that this is even, the object of the motion. It is in fact an appeal from the jury to the Court, on the facts of the case, and had the motion prevailed, the plaintiff's case would have been dismissed. We are of opinion that such a proceeding is not authorized by law, and that the Court did right in overruling the motion.

Judgment affirmed.