WILLIAM MEEKS, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

| 57 | 329 |
| 105 | 642 |
| 57 | 329 |
| 119 | 446 |
| 57 | 329 |
| 129 | 731 |

1. That one of the traverse jurors had not been a resident of the county for as much as six months before the trial, which fact was unknown to the prisoner and his counsel until after verdict, is not cause for new trial.

2. Where there is direct evidence of a homicide by shooting, and direct evidence that the prisoner was present and admitted that he shot the deceased, the case is not one founded solely on circumstantial testimony.

3. In charging on the grades of homicide, it is not error to omit the provisions of the Code prescribing the punishment for the various grades of manslaughter.

4. Though, in a motion for new trial, it be alleged that a principle of law apparently applicable to the case was not charged, the supreme court will not grant a new trial, where there is no verification by the presiding judge, either that the charge was requested or that it was not given.

5. Inasmuch as a new trial for newly discovered evidence should not be granted unless the new evidence would probably produce a different verdict, the judge, in the exercise of his discretion, may hear affidavits for and against the truth of the alleged new facts, and for and against the credibility of the witnesses by whom it is proposed to establish them, and thus go to the bottom of the showing, so as to discover, if possible, how much of true substance there is in the alleged new matter.

6. There was no abuse of discretion in denying a new trial on the ground of newly discovered evidence, the new evidence being chiefly cumulative.

Criminal law. Jury. Charge of court. Practice in the Supreme Court. New trial. Newly discovered evidence. Before Judge UNDERWOOD. Polk Superior Court. February Term, 1876.

Meeks was placed on trial for the murder of John McCormick, alleged to have been committed on the 6th of June, 1875. He pleaded not guilty. The evidence made a clear case of murder, and the jury so found. The defendant moved for a new trial upon the following, among other grounds :

1st. Because the court erred in not giving the law of circumstantial evidence in charge, and in not explaining to the jury their right to find a verdict of guilty, with a recommendation to mercy, and the effect of such recommendation.

In reference to this ground, it is only necessary to state that there was direct evidence to show that the defendant was present, with a pistol in his hand, at the time deceased was killed, and that he admitted that he shot him.

2d. Because the court erred in failing to explain to the jury the penalty of each of the grades of manslaughter, merely reading the definitions from the Code, without other or further explanations.

3d. Because Milton E. McCamack, one of the jurors who tried defendant, and who was summoned as a tales juror, was a citizen of the state of Alabama and not a citizen of the county of Polk and state of Georgia ; for that the said McCamack moved, within the six weeks preceding the trial, from Alabama to Polk county.

In support of this ground, the affidavit of counsel was attached, to the effect that they were ignorant of the fact until after the verdict was rendered. Also, the affidavit of the juror that he moved from Georgia to Alabama in December, 1874, and returned to the county of Polk on or about the 22d of December, 1875, to become a citizen of Georgia.

There were incorporated in the motion several grounds based on the failure of the court to charge certain principles of law, and on the discovery of newly discovered evidence. The record and bill of exceptions fail to disclose that any requests to charge were made, or that, if requested, such requests were not charged.

The newly discovered evidence was principally cumulative,

and was not of such a character as to have changed the result in case of a second trial. The court allowed a counter-showing, by which the credibility of the newly discovered witnesses was very seriously attacked, and to this the defendant excepted.

Two of such witnesses were shown to have been confined in jail with defendant, one for hog stealing and the other for larceny from the house, the former having already served one term in the penitentiary. One of them proposed to testify to threats on the part of deceased to kill defendant. The other, together with another witness, proposed to show that defendant was in such a position at the time of the homicide as it would have been impossible for him to have done the killing. The counter-affidavits demonstrated that these witnesses were not in the vicinity of the place of the homicide at the time the shooting was done.

The motion was overruled and the defendant excepted.

JOHN W. WOFFORD; WRIGHT & FEATHERSTON; J. A. BLANCE; M. F. THOMPSON; W. M. SPARKS; JOHN M. KING; C. G. JONES, for plaintiff in error.

C. T. CLEMENTS, solicitor general; DABNEY & FOUCHE, for the state.

BLECKLEY, Judge.

We have subjected this record to a careful and thorough scrutiny, and have been unable to discover in it any good reason for granting the prisoner a new trial. He appears to have been legally convicted, after a full and fair trial, upon evidence not only warranting, but absolutely requiring the verdict. For a sufficiently elaborate presentation of the legal points ruled by the court, I refer to the head-notes.

Judgment affirmed.