## JORDAN *v.* THE STATE.

1. On a trial in December, 1903, there was testimony that "recently during the first week in November," the store of the witness was broken and entered, and goods stolen. The evidence was sufficient to show that the burglary was committed within the statute of limitations.
2. The goods lost had no earmarks, but the coincidence of their correspondence in quantity, variety, and brand with those found in defendant's recent possession, with other evidence, was sufficient identification.
3. A juror having the general statutory qualifications may be specially incompetent to serve in a particular case, because of relationship, expression of opinion, bias, or other defect *propter affectum.*
4. If the losing party was ignorant of the affection or bias of the otherwise competent juror, he may take advantage thereof by motion for new trial.
5. A juror wanting in the statutory qualifications of age or residence, or having other deficiency *propter defectum*, may yet be rendered specially competent, by the failure of the parties to challenge.
6. Ineligibility because of prior service in the same court during the same year renders a juror incompetent *propter defectum*, and is ground for challenge, but not cause for the grant of a new trial.
7. The enforcement of the law prohibiting too frequent service on the jury is referred primarily to the judges, and incidentally to such action as may be taken by way of challenge by the parties.
8. The policy of preventing too frequent service is met by the counter-policy not lightly to set aside a verdict; and unless the statute expressly so requires, a new trial can not be granted because one ineligible under the act approved August 15, 1903, served on the jury.

Argued January 19, — Decided February 12, 1904.

Indictment for burglary.    Before Judge Felton.    Bibb superior court.    January 5, 1904.

*Glawson & Fowler*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

LAMAR, J.    1.   The time and place of the commission of a crime must always appear.    While it is best to make specific proof of the date, yet that the offense was committed within the statute of limitations may be established by circumstantial or indirect evidence.    What is sufficient must be determined by the special facts of each case.    In *Tipton* v. *State*, 119 *Ga.* 304, it

is stated that where a month is referred to, it will generally be understood to be of the current year, unless from the connection this appears to be impossible. And if this trial had taken place in January, 1904, it is evident that under the language used the jury must have understood that the transaction took place in November, 1903. So where the trial took place in December, 1903, and the witness testified that "recently during the first week in November" his store had been broken and entered and the goods stolen, there was proof sufficient to establish that the offense was committed during the year 1903.

2. A number of boxes of White Knight and Capadura cigars, Virginia cheroots, and Violetta soap were stolen. Articles answering the description in kind and quantity of those lost were soon thereafter found in the possession of the defendant. His counsel contends that the merchandise was of a character which could have been obtained at many other stores, that it had no earmarks by which it could be identified, and that the evidence fails to show that it was the same as that lost. And certainly, if the defendant had been found in possession of White Knight cigars alone, without anything further to connect them with those lost, the State's case would not have been made out. But having in possession White Knight and Capadura cigars in quantities corresponding to those stolen, and beyond the amount usually kept by one not a merchant, made the circumstance much more suspicious. The probative value of the coincidence, that the defendant had the quantity and brand of goods lost, would increase in geometrical ratio with the finding of each additional article, so that when it was proved that he not only had White Knight and Capadura cigars but Virginia cheroots also, the case became far stronger. But having these, with the unusual number of boxes of Violetta soap, was a coincidence so remarkable as to demand an explanation;— if indeed, under the law of probabilities, it might not be taken as proof of the fact that they were the goods recently stolen. Failure to offer any explanation, except the statement made to the officer, that they had been given to the defendant by two boys whose names were not stated, or other fact to establish the time, place, or circumstances under which the gift was made, followed by the positive identification of the soap, authorized the verdict.

3–8. The act of August 15, 1903, provides that any juror who has served at any session of the court shall be "ineligible for duty as a juror at the next succeeding term." The plaintiff in error moved for a new trial, on the ground that one of the jurors had served at the preceding session, and that he and his counsel were alike ignorant of this fact until after verdict. Previous service was good ground for challenge. But in classing the juror as ineligible the act does no more, in legal effect, than render him incompetent. It leaves the case to be governed by the rule applied to a juror who serves, though ineligible or incompetent because under age, over age, non-resident, or because his name is not on the jury-list. These are grounds for challenge *propter defectum,* but are not good reasons for the grant of a new trial. These and like statutory deficiencies are general in their character, and afford reason why the juror's name ought not to have been put in the venire, but have no necessary bearing on the ability of such jurors to impartially decide between the particular parties litigant. Such deficiencies are negative and passive, affecting neither party, or both parties in exactly the same way, and thereby producing a balance. They stand on an entirely different footing from those grounds of challenge for favor which are positive and actively disqualifying defects *propter affectum,* where the affections from relationship or prejudice and bias render an otherwise competent juror specially incompetent to decide between the particular parties. His statutory qualification does not cure his personal bias. And where the parties are ignorant of such defects *propter affectum,* the verdict may be set aside. But a juror incompetent *propter defectum* is made specially competent by the act of the parties in allowing him to serve without challenge, and the verdict will not be set aside for such cause. And while the act of 1903 was no doubt enacted in pursuance of the same policy as that expressed in the Penal Code, § 866 (*Atlanta Co.* v. *Ray,* 70 *Ga.* 674), and to be "strictly and energetically enforced by the judges," because intended to prevent service by professional jurors, the enforcement of its provisions is referred primarily to the judges, and incidentally to such action as may be taken by the parties by way of challenge before trial. The policy of preventing jurors from serving too frequently is met by the counter-policy not lightly to set aside a verdict otherwise

correct, because of some reason which has in no way vitiated the result. In view of the almost unbroken current of authority in this State and elsewhere, a new trial can not be granted because a juror incompetent *propter defectum* assisted in making the verdict. An express legislative command to that effect would be necessary to bring about such a result. *Costly* v. *State*, 19 *Ga.* 614; *Brown* v. *State*, 105 *Ga.* 640 (1); *Weeks* v. *State*, 57 *Ga.* 329 (1); *Hill* v. *State*, 64 *Ga.* 453 (1 *b*).

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*