## HILL *v.* THE STATE.

1. Ineligibility of a juror because of previous service in the same court during the same year renders him incompetent propter defectum, and is a good ground of challenge, but not cause for a new trial, even though the fact of his ineligibility was not known till after verdict and sentence.
2. That a sentence is excessive is not a proper ground of a motion for a new trial.
3. The conviction of the accused was warranted by the evidence.

Argued February 21, — Decided March 2, 1905.

Indictment for seduction.  Before Judge Bartlett.  Polk superior court.  January 9, 1905.

*W. W. Mundy*, for plaintiff in error.
*W. K. Fielder*, *solicitor-general*, contra.

Evans, J.  The ruling announced in the first headnote is in accord with the decision rendered in *Jordan* v. *State*, 119 *Ga.* 443 (6), 445–6.  The question of practice dealt with in the second headnote has long since been definitely settled.  *Hardison* v. *State*, 95 *Ga.* 338 (5); *Bellinger* v. *State*, 116 *Ga.* 545 (3), and cases cited.  The conviction of the accused of the offense of seduction was, we think, warranted by the evidence, from which the jury could have found the following state of facts: The accused was employed to work on the farm of one West, and resided at his house.  The father of the prosecutrix was a tenant of West, and was living with his daughter on the same place. The accused, while informing West he was a married man, kept this knowledge from the prosecutrix and her father, pretended to her he was a single man, paid her attentions at her father's house, and became engaged to her after winning her confidence and affection.  He left the service of West, but, before going from the neighborhood, made an appointment to meet her on a certain Sunday at a schoolhouse where Sunday-school was to be held in the afternoon; met her there at the appointed time, agreeably to an understanding between them that he was in the meantime to secure a marriage license and that they were to quietly go from the schoolhouse to Cedartown and there be united in marriage; procured her to accompany him upon this mission, she believing when they left the schoolhouse together that he had secured the license, and escorted her through the woods in the direction of Cedartown, instead of taking the public highway. After their departure, she inquired if he had secured the marriage license; he replied that he had not, but would obtain one in Cedartown.  When they had proceeded some distance, he made an indecent proposal to her; she demurred, but he said "it would not make any difference," as they were going to get married anyhow, and assured her that they would then come on to town, get the license, and be married.  She yielded.  She had never before had intercourse with any man, and consented to his proposal upon the faith of his renewed promise that he would immediately

marry her and treat her well. He afterwards conducted her through the town of Cedartown to the house of a lady, where he introduced her as his wife and where they spent the night. On the following day he took her to his sister's home, where she for the first time was informed that he was a married man. Three weeks later he abandoned her, and she returned to her father's house.

Counsel for the accused insists that the evidence shows no more than a meretricious contract between the parties, the consideration removing to the prosecutrix being a bare promise of marriage, unaccompanied by persuasion or other artful or deceitful means; and, in support of this contention, the following cases are cited and relied on: *O'Neill* v. *State*, 85 *Ga.* 383 (5); *Jones* v. *State*, 90 *Ga.* 616; *Disharoon* v. *State*, 95 *Ga.* 352-3; *Wood* v. *State*, 48 *Ga.* 283. None of these cases, however, upon the facts, can be regarded as controlling the case now before us. They go no further than to recognize the well-settled proposition that a woman who, in consideration of a promise of marriage, sells herself to a man who uses no other persuasion or has employed no artful means to gain her confidence and affection, is in no legal sense seduced. In the present case, the previous chastity of the prosecutrix, mental or physical, was not questioned, a fact which should be given due weight. *O'Neill* v. *State*, 85 *Ga.* 408-9. Not only was she engaged to the accused, but was (as she thought) actually on her way to the marriage altar when she was importuned by him to anticipate their marriage vows; and she yielded to his lustful desires only upon his artful avowal of good faith and his assurance that the marriage ceremony would take place when they reached the town to which they were going for the express purpose of being legally united as man and wife, as he declared and as she believed. He did not simply hold out to her a bribe, but followed up a course of deception which he had practiced from the moment he first conceived the idea of winning her affections that he might betray her confidence. " To accomplish sexual intercourse with a virtuous woman pending a virtuous engagement to marry her may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and present relation of the parties) in proposing the intercourse and repeating the promise of marriage."

*Wilson* v. *State,* 58 *Ga.* 328. "Repeating the engagement vow at the time of the sexual intercourse may imply persuasion." *McTyier* v. *State,* 91 *Ga.* 255 (5). The accused did this and more; he concealed from her the fact that he was already a married man, was not in a position to marry her even if so disposed, and that he had deliberately planned their journey, a mere pretense on his part, in order that he might be afforded an opportunity to accomplish her ruin.

The indictment, in this case did not charge the accused with having used any false or fraudulent means other than persuasion and promises of marriage. But, as was held in the two cases last cited, a renewed avowal of an intention to fulfil an engagement to marry, if made at the time intercourse is proposed, may of itself alone, viewed in the light of previous relations existing between the parties, sufficiently evidence importunity amounting to persuasion; and in this case the offense as charged in the indictment was fully sustained by the evidence. We have discussed the deceptive conduct of the accused prior to the making of his improper proposal, simply for the purpose of showing that the facts brought to light at the trial negative the idea that the intercourse was, as claimed, in pursuance of a purely meretricious contract into which the victim of the accused was not persuaded to enter by any consideration save the hope and expectation that the accused would fulfil the promise of marriage then made.

*Judgment affirmed. All the Justices concur.*