JACKSON *v.* THE STATE.

FISH, C. J. 1. Ineligibility of a juror because of service in the same court during the next preceding term thereof renders him incompetent propter defectum, and is a good ground of challenge made or plea in abatement filed, in due time (*McFarlin* v. *State,* 121 *Ga.* 329), but is not cause for a new trial, even though the fact of his ineligibility was not known till after verdict or sentence. *Hill* v. *State,* 122 *Ga.* 166.

2. Counsel for the accused were not, as contended, deprived of the right of cross-examination, thorough and sifting, of one of the State's witnesses.

3. No evidence was submitted in behalf of the accused; and even if his statement presented either the theory of an accidental killing or of involuntary manslaughter, the failure of the court to instruct the jury as to the law applicable to such theories was not cause for a new trial, in the absence of an appropriate request so to do. *Murphy* v. *State,* 118 *Ga.* 780.

4. The evidence fully warranted the verdict, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed. All the Justices concur.*

Submitted April 16,—Decided May 11, 1906.

Indictment for murder. Before Judge Freeman. Meriwether superior court. March 13, 1906.

*N. F. Culpepper* and *W. S. Howell,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.