### MORRIS v. THE STATE.

LUMPKIN, J.  1.  That a traverse juror who has served at one term of the superior court may be summoned to serve at the next succeeding term furnishes a ground of challenge propter defectum, under the act of August 15, 1903 (Acts 1903, p. 83); but if he serves without challenge or objection, this is not cause for a new trial after verdict, even though the fact of his previous service may not be known to the movant until after the verdict or sentence. *Jackson* v. *State*, 125 *Ga.* 277 (54 S. E. 167), and citations; *Jordan* v. *State,* 119 *Ga.* 443 (46 S. E. 679).

2.  This court declines to review and reverse the decision in *Hill* v. *State,* 122 *Ga.* 166 (50 S. E. 57). Moreover it would not be of any benefit to the plaintiff in error to review that case alone (as requested), without also reviewing the other cases making the same ruling, which preceded and followed it.

3.  Grounds of a motion for a new trial which set out that after the evidence for the defendant was closed certain questions were asked witnesses for the State, that objection thereto was made on the ground that such questions were not in rebuttal of the evidence for the defendant, but cumulative of evidence previously introduced for the State, and that the objection was overruled, present no proper assignments of error, it not appearing what answers were elicited by such questions.

4.  The other grounds of the motion for a new trial not dealt with specifically are without merit, and there was no error in refusing a new trial.                    *Judgment affirmed.    All the Justices concur.*

Submitted October 19,—Decided November 11, 1908.

Indictment for murder.  Before Judge Reagan.  Pike superior court.  June 27, 1908.

*W. Y. Allen* and *Henry O. Farr,* for plaintiff in error.

*John C. Hart, attorney-general,* and *O. H. B. Bloodworth, solicitor-general,* contra.