## 4388. MANNING v. THE STATE.

HILL, C. J. 1. A ground in the motion for a new trial, alleging that "the court erred in refusing to grant movant a continuance of his case, in order that he might prepare same for trial," without any specific showing as to why he was not prepared, and containing nothing but this general statement, raises no question for the determination of this court.

2. An objection to a juror because he is over sixty years of age is an objection propter defectum, and must be made before verdict. The decision in *Burroughs* v. *State*, 33 *Ga.* 403, which holds to the contrary of the above proposition, is in direct conflict with the repeated previous rulings of the Supreme Court on this subject (*Costly* v. *State*, 19 *Ga.* 628; *Epps* v. *State*, 19 *Ga.* 102; *Cohron* v. *State*, 20 *Ga.* 752), and has not been followed in the rulings of the Supreme Court on this subject since that decision was rendered. *Hill* v. *State*, 20 *Ga.* 752; *Gormley* v. *Laramore*, 40 *Ga.* 253; *Meeks* v. *State*, 57 *Ga.* 329; *Brown* v. *State*, 105 *Ga.* 640 (31 S. E. 557); *Jordan* v. *State*, 119 *Ga.* 443 (46 S. E. 679); *Albany Phosphate Co.* v. *Hugger*, 4 *Ga. App.* 771 (62 S. E. 533). In this latter case Judge Russell, in the opinion, explains the conflict in the decisions of the Supreme Court on this point. The ruling here announced is in harmony with the general rule on the subject. 1 Thompson on Trials, § 116.

3. The alleged newly discovered evidence would not probably change the result on a second trial, and there was no abuse of discretion in refusing a new trial on this ground.

4. The evidence supports the verdict, and no error of law appears.

*Judgment affirmed.*

DECIDED OCTOBER 22, 1912.

Indictment for sale of liquor; from Brooks superior court— Judge Thomas. July 18, 1912.

*J. D. Wade,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.