### 13929.  SMITH *v.* THE STATE.

1. A ground of a motion for a new trial not in itself sufficiently definite and complete to be understood will not be considered.
2. Refusal to "pass the case," under the statement made to the court in this case, does not require a new trial.
3. The question as to the right of the prosecutrix to be attended by a nurse while testifying or while in the court-room was not raised at the trial, and therefore will not be considered by this court.
4. Remarks of the prosecuting attorney in his argument to the jury, to which no objection was made at the trial, are not cause for a new trial, especially in view of the judge's instructions to the jury.
5. The law of fornication is not involved and should not be given in charge to the jury on a trial for seduction where the evidence for the State makes a case of seduction and the defense made by the accused is that he never had sexual intercourse with the person alleged to have been seduced.
6. The evidence authorized the verdict of guilty.

DECIDED NOVEMBER 14, 1922.

Indictment for seduction; from Chatham superior court — Judge Meldrim.  July 29, 1922.

*Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general, Leo A. Morrisey,* contra.

BLOODWORTH, J. 1. The ground of the amendment to the motion for a new trial numbered 3 is too indefinite and incomplete to be understandable within itself, and raises no question for determination by this court.

2. This court cannot say as a matter of law that the trial judge abused his discretion when he refused to "pass the case," under the statement made to him by counsel for accused as to the condition of the prosecuting witness. *Lyles* v. *State,* 130 *Ga.* 294 (1, 2) (60 S. E. 578).

3. A ground of the motion for a new trial alleges that "the court committed error in permitting the State's prosecuting witness to come into [the] court-room attended by a nurse, properly attired as such with a white dress and white cap, such as are usually worn by nurses, and to remain by said witness, fanning her while she was giving her evidence." The question of the right of the witness to be attended by a nurse was not made, and was not decided by the trial judge, nor was the court then requested to take any action whatever in reference to the matter, and therefore this court has nothing to review touching this exception. *O'Dell* v. *State,* 120 *Ga.* 152 (5) (47 S. E. 577); *Washington* v. *State,* 124 *Ga.* 424 (10), 429 (10), and cases cited on page 430 (52 S. E. 910).

4. In ground 6 of the motion for a new trial it is urged that a new trial should be granted "because the court erred in not rebuking the attorney for the State in his argument to the jury and urging pity for the State's prosecuting witness before the jury. In his argument he said: 'You must not pity this man at all; you must pity the girl.' This argument was intended to unduly excite the pity of the jury for the State's prosecuting witness." In passing upon this ground the presiding judge said: "In the 6th ground the error averred is that I did not rebuke the solicitor-general because in his argument he said to the jury, 'You must not pity this man at all, you must pity the girl.' The prisoner had stated, 'I have a mother and sister, and I will not marry a girl that is now bearing another man's child.' This gave the eloquent counsel for the accused a rare opportunity for fervid oratory, and the solicitor-general, equally eloquent, replied in the words quoted. No objection was offered by counsel for the accused to the words of the solicitor-general. No request of any kind was made in rela-

tion thereto. I took the precaution to charge the jury as follows: 'You are not to be governed in this case, or in any other case, by sentiment, or pity, or sympathy. You are to decide this case, and all other cases, under the evidence as you have heard it, considering also, at the same time, the statement of the prisoner and the principles of law that the court gives you in charge." Granting (but not deciding) that the remarks of the solicitor-general were improper, a new trial will not be granted because thereof when there was no objection made at the time, no ruling of the court invoked, no motion made for a mistrial, and no request to charge the jury to disregard the argument. Especially is this true where the court took the precaution to charge the jury as above stated.

5. The last ground of the motion for a new trial complains that the court failed to charge "the law of fornication." In passing upon this ground of the motion for a new trial the judge said: "After I had stated the contentions of the State and the accused, 1 said to counsel for the defendant, 'If there is any other contention on the part of the defendant, let it be stated;' to which counsel for defendant replied: 'I think you have covered them fairly, may it please the court,' I did not charge the law of fornication, for there was no evidence to sanction it. If the prosecutrix was to be believed, the case was seduction. If the defendant's statement was to be believed, he was not guilty of fornication, for his entire contention and sole defense was that he never had carnal knowledge of" the prosecutrix. "There was no middle ground in this case. 'You seduced me,' said the woman. 'I never touched you,' said the man. To have charged the law of fornication would have been error." We agree with the learned trial judge in his conclusion that to have charged the law of fornication in this case would have been error.

6. There was sufficient evidence to support the verdict, and no error was committed when the motion for a new trial was overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*