## 20540.   KISER *v.* THE STATE.

DECIDED JUNE 10, 1930.

*M. B. Eubanks,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J.   Howard Kiser was convicted of seduction, and he excepts to the overruling of his motion for a new trial.

The 1st special ground of the motion for a new trial alleges that the court erred in failing to charge the law relative to fornication.   There was no request for such a charge; the State made out a case of seduction; and the defense of the accused was that he never had any sexual intercourse with the girl.   "The law of fornication is not involved and should not be given in charge to

the jury on a trial for seduction where the evidence for the State makes a case of seduction and the defense made by the accused is that he never had sexual intercourse with the person alleged to have been seduced." *Smith* v. *State*, 29 *Ga. App.* 216 (5) (114 S. E. 722).

■ The 2d and 3d special grounds of the motion allege that the court erred in charging the jury that the seduction could be committed "by persuasion and promises of marriage or other false and fraudulent means;" the objection being to the words "false and fraudulent means." The language used by the trial judge was the language of the statute. Penal Code, § 378. Furthermore, the judge elsewhere in his charge instructed the jury that the defendant was charged with seduction "by persuasion and promises of marriage." "It was not reversible error, on the trial of one under indictment charging him with the commission of the crime of seduction by 'persuasion and promises of marriage only,' for the court to give the jury the full definition of the crime of seduction as contained in the Penal Code, § 378, including the accomplishment of that crime not only by 'persuasion and promises of marriage,' but also by 'other false and fraudulent means,' where the court" elsewhere in his charge instructed the jury that the defendant in the case under consideration was charged with seduction 'by persuasion and promises of marriage.'" *Thomas* v. *State*, 19 *Ga. App.* 104 (5) (91 S. E. 247).

■ The requested instructions set out in the 4th special ground of the motion were, so far as necessary, covered in the charge given by the court.

■ The last special ground of the motion sets out newly discovered evidence of a doctor, which was, in substance, that the child was born in March, was a full-term, fully developed child, and was conceived in June; whereas the victim of the alleged seduction testified that conception took place in July. This alleged newly discovered evidence tended to impeach the evidence of the mother of the child, and in addition thereto, under the evidence in the case, would not likely produce a different verdict on another trial. The mother of the child repeatedly testified that she had sexual intercourse with the defendant three times during June, and also on the 4th of July, when she became pregnant. Even though it may have been the conclusion of the witness that she became pregnant

on the 4th of July, it is well known that no signs of pregnancy are infallible or conclusive in the early stages soon after conception, and that even the mother can be mistaken as to the exact time of conception when she has had sexual intercourse four times within a period of thirty days. Since the mother testified that she had sexual intercourse with the defendant three times in June, and the child was born nine months later, in March, the alleged newly discovered evidence would not likely produce a different verdict; and it furnishes no cause for a new trial.

■ The record in this case discloses that the victim of the seduction was a girl in the "teens" who was working in a mill helping to support her father who was seventy-eight years old and an invalid; that she was unfortunate in that she was subject to "fits or spells" of some kind that caused her to become unconscious; and that in the preliminary trial of this case she fainted and collapsed on the stand under the vigorous cross-examination of the defendant's counsel. She swore that she permitted the defendant to have sexual intercourse with her because of his promise to marry her; that he was the father of her baby; and that she had never had sexual intercourse with anyone except him; and the jury believed her. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*