KISER *v.* THE STATE.

No. 7948. MARCH 12, 1931.

*M. B. Eubanks,* for plaintiff in error.

HINES, J. Kiser was indicted for seduction. He was convicted; and his motion for a new trial was overruled. To that judgment he excepted, and the case went to the Court of Appeals. That court affirmed the judgment (*Kiser* v. *State,* 41 *Ga. App.* 568, 153 S. E. 620), and the case is now in this court upon the grant of a writ of certiorari to review certain rulings made by the Court of Appeals.

1. In its decision the Court of Appeals laid down this proposition: "The law of fornication is not involved and should not be given in charge to the jury on a trial for seduction where the evidence for the State makes a case of seduction and the defense made by the accused is that he never had sexual intercourse with the person alleged to have been seduced." Based on this proposition the Court of Appeals held that the trial judge did not err in failing to charge the law relative to fornication, there being no

request for such charge. To this ruling the defendant excepts in his petition for certiorari upon the ground that the court erred in holding that fornication is not involved under the facts of this case, and in failing to charge the law of fornication. The Court of Appeals based its ruling upon its prior decision in *Smith* v. *State,* 29 *Ga. App.* 216(5) (114 S. E. 722).

We do not think that the proposition laid down by the Court of Appeals is sound. Under an indictment for seduction it is competent for the jury to find the defendant guilty of fornication, if the proof justifies it. Seduction is the higher offense, and necessarily includes fornication, if both parties are single. *Wood* v. *State,* 48 *Ga.* 192 (15 Am. R. 664); *Hopper* v. *State,* 54 *Ga.* 389; *Boggs* v. *State,* 11 *Ga. App.* 92 (74 S. E. 716). If fornication was involved in the case under the facts, the judge should have charged the jury thereon without any request for such instruction. It is true that in *Wood* v. *State,* supra, this court held that the court erred in refusing a request to give an instruction upon the subject of adultery and fornication; but it was not held that such request was necessary. It has been held that where voluntary manslaughter is clearly involved under the evidence on the trial of a defendant charged with murder, it is the duty of the judge to charge the law upon the subject; and that he is not relieved of this duty by the mere fact that counsel for the accused in his argument to the jury insist that the law of voluntary manslaughter and of mutual combat is not involved. *Andrews* v. *State,* 134 *Ga.* 71 (67 S. E. 422). Where one of defendant's counsel in arguing to the jury insisted that there was no manslaughter in the case, but that it was a case of self-defense, and another of his counsel contended that the defendant was justifiable because of the invasion of his house, such fact did not deprive the defendant of the right to a charge on the subject of manslaughter. *Horton* v. *State,* 120 *Ga.* 307 (47 S. E. 969). In the cases cited there was no request for an instruction on the subject of voluntary manslaughter. By parity of reasoning, whenever a lower offense is involved under an indictment for a higher one, it is the duty of the court, in a proper case, without request, to charge the law applicable to the lower offense. The evidence in this case made it proper for the court to instruct the jury upon the law of fornication, and to inform the jury that they could convict the defendant of that offense

if they found that he was not guilty of the higher offense of seduction. Furthermore, even if it was necessary for the defendant to prefer a request for an instruction upon this subject, the trial judge undertook to instruct the jury thereon, and should have given them a correct instruction upon this subject.

There is some evidence which authorized the jury to find that the transaction was meretricious. On the commitment trial the female alleged to have been seduced testified that she consented to have intercourse with the defendant if he would marry her; and that he told her that if anything happened to her he would. On that trial she testified that that was the trade; that on his promise to marry her if she became pregnant she let him have intercourse with her. On the trial in the superior court she testified that she so swore on the commitment trial, and that what she swore to then was the truth. While there are circumstances which might induce the jury to believe that she was worried and excited when she testified, and that she might not have clearly understood the nature of her testimony, the jury might draw the conclusion that the transaction was a mere trade and meretricious.

Consent to the act of sexual intercourse, based upon a promise of marriage as a consideration moving the female alleged to have been seduced, upon the faith of which she consents to the sexual act, takes the whole transaction out of the definition of seduction, and makes it purely meretricious. *Wood* v. *State,* supra; *Wilson* v. *State,* 58 *Ga.* 328, 330; *Keller* v. *State,* 102 *Ga.* 506 (8) (31 S. E. 92) ; *Hill* v. *State,* 122 *Ga.* 166, 168 (50 S. E. 57). Under the facts of this case we think that fornication was involved, and that the court should have instructed the jury upon that subject.

There might be cases in which seduction alone is involved; and in such cases the judge would not be required to charge upon the subject of fornication, but the judge would not be justified in declining to submit the issue of fornication to the jury merely because the evidence authorized a conviction of seduction, and the defendant in his statement denied having intercourse with the girl alleged to have been seduced. The denial of the defendant of his having intercourse with the girl alleged to have been seduced would not debar him from a proper charge upon the subject of fornication under the facts in this case. So we are of the opinion that the proposition laid down by the Court of Appeals, with which we have

been dealing, does not embody the correct principle of law applicable under the facts of this case.

2. We do not think that the other assignments of error are well taken. The other rulings of the Court of Appeals were not erroneous for any of the reasons assigned. We reverse the judgment solely upon the ground that the proposition dealt with in the first division of this opinion was not correct and applicable under the facts of this case.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent.*

GILBERT, J., dissenting. I dissent from the judgment of reversal. The proper judgment should be a dismissal of the writ of certiorari. because improvidently granted. There is presented no question of law of gravity and importance. The sole question, whether the issue of "fornication" should have been submitted to the jury is dependent upon a question of evidence or fact, that is, whether the evidence would support a conviction of fornication. It is of much importance that this court should adhere as rigidly as possible to established rules already declared in the grant or refusal of writs of certiorari.