20540.  KISER *v.* THE STATE.

LUKE, J.  1. "Whenever a lower offense is involved in an indictment for a higher one, it is the duty of the court, in a proper case, without request, to charge the law applicable to the lower offense.  The evidence in this case made one proper for the court to instruct the jury upon the law of fornication, and to inform the jury that they could convict the defendant of that offense if they found that he was not guilty of the higher offense of seduction;" and his failure to so instruct them was error requiring the grant of a new trial.

(a) "The denial of the defendant of his having intercourse with the girl alleged to have been seduced would not debar him from a proper charge upon the subject of fornication under the facts in this case."

2. The above-stated rulings were made by the Supreme Court on certiorari in this case; and under them the former decision of this court in this case (41 *Ga. App.* 568, 153 S. E. 620), affirming the judgment of the trial court, is vacated, and the judgment of the trial court is now reversed solely for the reason announced above.  For full opinion of the Supreme Court see *Kiser* v. *State*, 172 *Ga.* 488 (157 S. E. 681).

Judgment reversed.  *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 14, 1931.

*M. B. Eubanks,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.