DECIDED APRIL 14, 1931.

*E. L. Cowart,* for plaintiff in error.
*R. N. Odum, solicitor, H. H. Elders, M. W. Eason,* contra.

21260.   SMITH *v.* THE STATE.

216

*Ira Carlisle, J. J. Hill,* for plaintiff in error.
*Robert B. Short, solicitor-general,* contra.

Broyles, C. J. We think it necessary to discuss headnotes 3 and 4 only.

■ Error is assigned upon the court's refusal to give the following request to charge: "If Bessie Burnam and the defendant were both unmarried, and the defendant had intercourse with her at the times and places testified about, which intercourse, if any, was not brought about by persuasion and promises to marry on the part of the defendant, the defendant would be guilty of the offense of fornication, and not seduction."

It has been repeatedly ruled by both the Supreme Court and this court that a refusal to give a requested charge is not error unless the request is perfect in every particular.

In this case the undisputed evidence showed that the defendant lived in Mitchell county and his alleged victim in Decatur county. The trial was had in Grady county because the indictment charged that the offense was committed in that county. The woman charged to have been seduced testified that her first act of sexual intercourse with the defendant took place in Grady county. She testified that subsequently the defendant had sexual intercourse with her on several different occasions, but she never testified in what county those subsequent acts occurred, and there is no evidence in the record authorizing a finding that any of the subsequent acts of intercourse took place in Grady county. On the contrary there is a clear inference from the evidence that she and the defendant had sexual intercourse only once in that county. Furthermore, the defendant in his statment to the jury specifically denied that he had ever been with the woman in question in Grady county, but did not deny being with her on various occasions in Decatur county. It is obvious that the defendant, on his trial in Grady county, could

not have been convicted of the offense of fornication for any of the acts of sexual intercourse which did not take place in that county, and yet under the requested charge (which the court refused to give) he could have been so convicted. The refusal to give the charge was not error.

(a) In this case there was no assignment of error upon the failure of the court (with or without a request) to charge the law of fornication. If there had been, our ruling might have been different. See *Kiser* v. *State,* 172 *Ga.* 488 (157 S. E. 681).

■ The alleged newly discovered evidence was that of relatives and close friends of the defendant, who testified by affidavits that on the 20th day of November, 1927 (the date on which the woman in question testified that she had been seduced by the defendant in Grady county), they, or some of them, were with the defendant all day, and that on that day he was not in Grady county. It is true that the indictment charged the offense was committed on November 27, 1927, and that on the trial the woman in question first swore to that date, but subsequently during the trial she changed her testimony on that point and thereafter testified positively that the date was November 20, 1927. The alleged newly discovered evidence shows on its face that the defendant knew all the facts testified to in the affidavits of the "newly discovered" witnesses and that those facts were known to him long before his trial. In fact, he says, in effect, that they had taken place so long before the trial that he did not recall them until after the trial, when the "newly discovered" witnesses reminded him that on the day in question he was with them on an automobile trip and that he was not in Grady county. Furthermore, the alleged newly discovered evidence is impeaching in its character, and is cumulative of the defendant's statement to the jury that he had never been with his alleged victim in Grady county. The court did not err in overruling the ground of the motion for a new trial based upon the alleged newly discovered evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*