26499. LINDSEY *v.* THE STATE.

Decided January 5, 1938.

*L. F. Watson, R. Earl Camp, A.S. Boone, Jr.,* for plaintiff in error.

*C. S. Baldwin, Jr., solicitor-general,* contra.

GUERRY, J. The State accused Solomon Lindsey with the larceny of thirteen described hogs, the property of Miss Eddie Stanley. The evidence for the State was substantially to the effect that the defendant's place adjoined that of the prosecutrix; that shortly after the disappearance of the hogs in question the defendant sold seven of them to the Georgia State asylum, and five more of them were found in his possession; and there was evidence on his premises to indicate that a hog of the kind and character of the thirteenth one, had been recently killed.

■ The judge did not err in submitting to the jury the question whether the defendant was guilty of the larceny of the five hogs found at his house and described in the indictment, and in instructing them that recent possession of stolen property was a fact from which they could, if they saw fit, infer guilt. Nor did the court err in stating the contentions of the defendant that he took the hogs up in good faith, thinking that they were some hogs that he had lost the year before.

■ In the motion for new trial complaint is made that the sheriff, without the knowledge of the defendant's counsel until after the trial of the case, "caught and selected J. E. Stuckey and Nathan Cannon as talesmen, who were put upon the panel of jurors placed upon the defendant for the trial of said case, and the said J. E. Stuckey and the said Nathan Cannon not having been drawn from the jury-box by the presiding judge, as required by law." The judge appended a note to this ground, as follows: "I instructed the sheriff in open court to summon some tales jurors, and no one objected to this, and no one present knew of the law of 1937 at this time." By the act of 1937 (Ga. L. 1937, p. 466), sections 59-207, 59-708, 59-711, 59-801, of the Code were repealed and so re-enacted as to provide that the sheriff might not by direction of the judge summon or pick up tales jurors, except and unless they were drawn by the judge from the jury-box. This act had been approved by the Governor and was the law of this State at the time of the trial of the defendant. However, we do not think that the exceptions authorize the grant of a new trial. Jurors are disqualified for two classes of reasons. Disqualification propter

affectum, and disqualification propter defectum. *McCrary* v. *Perry*, 40 *Ga.* 254. A juror having general qualifications may be specially incompetent to serve in a particular case, because of relationship, expression of opinion, bias, or other defect propter affectum. But a juror wanting in the statutory qualifications of age or residence, or having other deficiency propter defectum, may yet be rendered specially competent, by the failure of the parties to challenge. *Jordan* v. *State*, 119 *Ga.* 443 (46 S. E. 679). A failure to comply with the provisions of our Code in respect to jury-lists, and the manner of drawing a jury as to any juror, renders him disqualified propter defectum. The objection to the two jurors in the present case because they were not drawn in accordance with the act of 1937 is purely an objection propter defectum. See, in this connection, *Jordan* v. *State*, supra; *Morris* v. *State*, 131 *Ga.* 498 (62 S. E. 806) ; *Folds* v. *State*, 123 *Ga.* 167 (51 S. E. 305) ; *Lumpkin* v. *State*, 152 *Ga.* 229 (7) (109 S. E. 664), and cit.; *Pool* v. *Callahan*, 88 *Ga.* 468 (2) (14 S. E. 867) ; *Wall* v. *State*, 126 *Ga.* 549 (2) (55 S. E. 484) ; *Mills* v. *State*, 57 *Ga.* 609. Such an objection is a good cause for challenge, but is not a good ground for a new trial, even though the defendant did not know of the defect until after verdict. See cases cited above, and *Faulkner* v. *Snead*, 122 *Ga.* 28 (2) (49 S. E. 747) ; *Gormley* v. *Laramore*, 40 *Ga.* 253; *Brown* v. *State*, 105 *Ga.* 640 (31 S. E. 557) ; *Parris* v. *State*, 125 *Ga.* 777 (54 S. E. 751) ; *Stapleton* v. *State*, 19 *Ga. App.* 36 (90 S. E. 1029) ; *Costly* v. *State*, 19 *Ga.* 614; *Hill* v. *State*, 64 *Ga.* 453; *Jones* v. *State*, 148 *Ga.* 582 (97 S. E. 621) ; *Manning* v. *State*, 11 *Ga. App.* 766 (76 S. E. 70). The theory of the law is that such a defect could have been discovered before the juror was accepted, as well as after, with exercise of proper diligence, and (2) that a juror so disqualified would be as fair a juror to one side as to the other. *Costly* v. *State*, supra; *Edwards* v. *State*, 53 *Ga.* 428 (4). As was said in the *Jordan* case, supra, with reference to the act of 1903 (Code, § 59-114), it was intended to prevent service by professional jurors; however, "the enforcement of its provisions is referred primarily to the judges, and incidentally to such action as may be taken by the parties by way of challenge before trial. The policy of preventing jurors from serving too frequently is met by the counter-policy not lightly to set aside a verdict otherwise correct, because of some reason which has in no way

vitiated the result." It may likewise be said in the present case that while it was the express purpose of the act of 1937 to prevent the sheriff from picking up such jurors as he might choose, yet its enforcement must be, under the law as it now stands, left to the trial judge and to the parties in the particular case; for a verdict, otherwise valid, will not be set aside on such a ground.

■ The evidence supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*