## MITCHELL *vs*. BRADBERRY.

While it might have been a good ground for challenging jurors in a justice's court, before the jury had been empanelled, that the names of some of the jurors were not on the list of names of jurors furnished by the jury commissioners to the clerk of the superior court, yet where no objection was made before the trial, and no ruling was made thereon, it cannot be taken advantage of by *certiorari* after verdict.

October 13, 1885.

Jury and Jurors. Justice Courts. *Certiorari*. Before F. F. JUHAN, Esq., Judge *pro hac vice*. Gwinnett Superior Court. March Term, 1885.

Reported in the decision.

C. H. BRAND, by HARRISON & PEEPLES, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

The defendant in error brought his action against plaintiff in error in a justice's court to recover damages by reason of the fact that the plaintiff in error had killed, or caused to be killed, certain sheep, which sheep had broken into Mitchell's field, the same not being enclosed by a lawful fence. The justices rendered judgment in favor of Bradberry. Mitchell appealed to a jury. On the trial before the jury, there was no objection made to the justices as to how the jury was constituted, and no judgment of the justices rendered thereon. The jury found for Bradberry, and Mitchell filed his petition for *certiorari*, in which

he alleged that the jury was illegally made up, because, as he alleges, the names of some of the jurors who tried the case were not of those on the lists of names of jurors furnished by the jury commissioners to the clerk of the superior court.

This might have been good cause of challenge to such jurors as had not been returned by the jury commissioners, if the same had been made to the court before the jury had been empanelled, but it cannot be taken advantage by *certiorari*, when the justice's court had rendered no decision or judgment thereon. By section 4049 of the Code, it is declared that a writ of *certiorari* will lie for the correction of errors by justices of the peace. By the act of 1850 (Code, §5052), it is enacted, when either party in any cause in a justice's court . . . shall be dissatisfied with any decision or judgment in such cause, such party may apply for and obtain a writ of *certiorari* by petition to the superior court, in which petition he shall plainly and distinctly set forth the errors complained of. There being no errors alleged as having been committed by the justices of the peace, the application for *certiorari* was properly dismissed. The verdict of the jury was fully sustained by the evidence.

Judgment affirmed.