CRAWFORD *vs.* THE STATE OF GEORGIA.

The names in the box from which the grand jurors were drawn, having been duly selected and placed therein, any irregularity in preparing and certifying the lists, or the book which the statute requires the clerk to make out and keep in his office, is not cause for quashing or abating a special presentment or bill of indictment found and returned by the grand jury composed of persons whose names were drawn from the box, and who were organized as a grand jury, according to law.

December 22, 1888.

Jury and jurors. Indictment. Abatement. Prac-

tice.    Before Judge ADAMSON.    City court of Carrollton.
May term, 1888.

Henry Crawford was tried on a special presentment,
charging him with having sold liquors without license.
He filed a plea in abatement, alleging that the name of
Eliho F. Entrekin, one of the grand jurors who found
the bill against him, was not in the jury-box, nor was
the name of Elihu F. Entrekin in said box, and that no
list of jurors or any kind of list was prepared and signed
by the commissioners as required by law.    Acts of 1879.

This plea was traversed.    Upon the trial of the issue
thus made, the evidence showed as follows; "Elihu F.
Entrekin" is the true name of the juror who, with others,
made the presentment; when the jury lists were revised,
the jury commissioners took names from the tax receiver's
book for 1886, making two lists thereof; one of
these lists was cut up, so that the name of one juror at
a time could be put in the jury-box; the names on it
were put in the box and the box was sealed; the other
list was turned over to the clerk of the superior court,
so that he might transcribe the names to his jury-book;
the clerk called out the names from this list, and one
Smith entered them on the jury-book; as entered on
the jury-book, the name appears "Entrekin, E. T.";
the name was called out as E. F. Entrekin, and if oth-
erwise entered it was by a clerical mistake of Smith.
E. F. Entrekin, of Turkey Creek district, was the man
whose name was placed in the jury-box by the commis-
sioners and drawn out by the judge of the superior court
to serve as grand juror, and he did so serve; no man
named E. T. Entrekin is known to be a citizen of the
county; E. F. Entrekin is named Elihu; the certificate
to the jury-book was signed by the jury commissioners
before the names of the jurors were entered thereon;

whether the list the clerk had to transcribe was signed by the commissioners or not, is not remembered, the list itself having been lost or mislaid.

Defendant's plea was overruled, the court "finding from the evidence adduced upon the issue that it is untrue." Defendant was found guilty, and moved for a new trial, on the ground that the court erred in overruling said plea. This motion being overruled, he excepted.

REESE & COBB, for plaintiff in error.

C. P. GORDON, solicitor, by brief, for the State.

BLECKLEY, Chief Justice.

The misnomer of the grand juror was abandoned in the argument. The sole question that remains is, whether the jury-book, as made up, was so defective as to render the grand jury illegal. Two irregularities are alleged: (1) that the clerk himself did not write the names, but called them out and some other person wrote them down; and (2) that the book was certified and signed by the commissioners before the names were inserted therein. We think these were mere irregularities, and only show that ministerial duties directed by the statute were not correctly performed. Code, §3910(a) *et seq.; Carter vs. State*, 56 *Ga.* 463; *Brinkley vs. State*, 54 *Ga.* 371. The court was right in deciding that the special presentment should not be quashed or abated for the causes alleged in the plea, as explained by the evidence.

Judgment affirmed.