FAULKNER *v.* SNEAD.

LAMAR, J. 1. Even where there have been two verdicts in a justice's court in favor of the plaintiff, this court will not interfere with a second grant of a new trial on certiorari where it appears that there were errors which in a close case may have been injurious to the losing party. *Taylor* v. *Central R. Co.*, 79 *Ga.* 330 ; *Turner* v. *Rome R. Co.*, 81 *Ga.* 336.

2. Even though the defendant were ignorant of the fact that the names of two jurors did not appear upon the jury list, he can not take advantage thereof after verdict. *Jordan* v. *State*, 119 *Ga.* 443 (5).

3. It was error to overrule the challenge to the juror whose name did not appear upon the regular jury list. *Mitchell* v. *Bradberry*, 76 *Ga.* 15.

4. It appearing that the defendant was forced to strike the incompetent juror thus put upon him, the answer of the justice as to the juror's being finally "accepted" may well have been construed by the judge of the superior court to relate to the other talesmen who seem to have been selected from

the list of voters, and who actually served on the jury, and as to whom there was an assignment of error in the petition for certiorari, though the assignment did not itself show cause for the grant of a new trial.

5. Statements of fact contained in the brief of counsel, and the attached affidavit of the justice explaining what he meant by his answer, can not be considered in reviewing the order of the judge of the superior court in sustaining the certiorari and in directing a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted December 16, 1904. — Decided January 30, 1905.

Certiorari.   Before Judge Mitchell.   Berrien superior court. June 2, 1904.

. *R. A. Hendricks,* for plaintiff.   *Buie & Knight,* for defendant.