### WASHINGTON v. THE STATE.

While the law requires that the names of grand jurors shall be placed in a grand-jury box, and also that there shall be a certified list of the names so placed therein, when the minutes of the court show that a grand juror's name has been drawn from the box this is conclusive evidence of his competency to serve as a grand juror, notwitstanding his name may not appear upon the list as made up by the clerk and certified by him and the jury commissioners.

Argued April 17, — Decided May 10, 1905.

Indictment for seduction. Before Judge Reagan. Butts superior court. February term, 1905.

The accused filed a plea in abatement, on the ground that the names of two of the grand jurors who returned the bill of indictment were not on the grand-jury list at the time the indictment was found. The evidence introduced on the trial of the issue raised by the plea showed that the names of the jurors referred to did not appear on the jury list, but the minutes of the court for the term at which the indictment was found showed that the names of the two jurors were drawn from the grand-jury box. The court permitted the clerk of the superior court to testify, over objection of the accused, that his recollection was that the names of the two jurors were put in the grand-jury box. The plea in abatement was overruled, and the accused excepted, assigning error upon this judgment and upon the admission of the testimony of the clerk above referred to.

*Robert L. Berner,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* and *M. W. Beck,* contra.

COBB, J.   The law provides that the grand jury shall be made up of jurors whose names are drawn from a box which has been prepared by the jury commissioners in the manner prescribed by law.   The law imposes upon the jury commissioners the duty of selecting from the tax digest the names of upright and intelligent persons to serve as jurors, and the further duty of selecting from this number not exceeding two fifths of the most intelligent and upright persons to serve as grand jurors.   The names of the persons thus selected are required to be placed upon tickets and these tickets placed in a box, and the grand jury is to be made up of persons whose names are drawn from the box thus prepared. There is no provision of law for constituting a grand jury other than by a drawing of names from this box.   See Penal Code, §§ 818–819.   After the tickets containing the names of the persons selected by the jury commissioners to serve as grand jurors are placed in the box, it is the duty of the clerk of the superior court to make out, in a book, a list of the names contained in the grand-jury box, and place the book in his office after the list has been certified by himself and the commissioners to contain all the names placed in the grand-jury box.   Penal Code, § 820.   While the statute providing the manner for the selection of persons competent to serve as jurors has many references to the list of jurors, and characterizes the revision as the revision of the list, when the statute is taken as a whole it is clear that what is intended to be accomplished by the jury commissioners, when they meet from time to time, is the revision of the names in the box, and not so much the revision of the list, which is required to be kept as a matter of public record to show that there has been a revision of the names in the box at the time required by law.   If a name appears upon the list which has been certified as required by law, such person would be held to be a competent juror, the law presuming that the name is also in the box.   Hence in those cases where the law requires the summoning of tales jurors, reference is had to the list, and not to the box.   The making up of the box and the preparation of the list is in each case the act of the commissioners, and each is entitled to full credit as such.   If a name has been drawn from the box which does not appear on the

list, there is a presumption that the name was placed in the box by the commissioners at the time and place required by law. And a person whose name is thus drawn is competent to serve as a juror notwithstanding his name does not appear upon the list; the law presuming that the absence of the name from the list was due to inadvertence, mistake, or other innocent cause. So the rule is this: Where the law requires the jury to be drawn from the box, the box controls as to whether a person is a competent juror; and where the law does not require the jury to be drawn from the box, but merely requires that they shall be summoned by the sheriff or other competent officer, the list is that which is to guide the officer thus summoning the jury. This, in our opinion, is the proper construction of the statute, and is in accord with the principle underlying prior ruling of this court in similar cases. See *Cross* v. *State,* 64 *Ga.* 443 (3); *Williams* v. *State,* 72 *Ga.* 180 (2); *Crawford* v. *State,* 81 *Ga.* 708.

There was no error in overruling the plea in abatement. Even if it was erroneous to admit testimony of the clerk, that the names of the jurors which did not appear on the list were actually put in the box, this error would not require a reversal of the judgment, because it was immaterial, as the evidence shows that the names of the jurors were drawn from the box.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*