### EMBRY *v.* THE STATE.

LUMPKIN, J. 1. That a juror's name is not on the jury list or in the jury box is not cause for a new trial, when the point is raised for the first time after verdict. Being an objection propter defectum, it should be discovered and urged before verdict. *Somers* v. *State*, 116 *Ga.* 535 (42 S. E. 779); *Jordan* v. *State*, 119 *Ga.* 443 ·(46 S. E. 679).

2. Where, after verdict, in a motion for a new trial the impartiality of two of the jurors was attacked, and there was a showing and a countershowing on the subject, and the presiding judge passed on the conflicting evidence, his finding will not be reversed, unless he has abused his discretion. *Jefferson* v. *State*, 137 *Ga.* 382 (73 S. E. 499).

3. If the charge on the subject of mutual combat, of which complaint was made, was not altogether as clear and exact as it might have been, under the evidence it does not require a reversal on the ground that it was "too vague and uncertain, and because the court failed to give the jury the law, if any, which distinguishes between mutual combat— that is to say that the court failed to charge the jury when death results from a mutual combat between two parties when it is manslaughter and when it is murder." *Cargile* v. *State*, 137 *Ga.* 775 (74 S. E. 621); *Freeman* v. *State*, 70 *Ga.* 376 (3).

4. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
AUGUST 13, 1912.

Indictment for murder. Before Judge Meadow. Madison superior court. May 9, 1912.

*George C. Thomas, R. L. J. & S. J. Smith,* and *J. F. L. Bond,* for plaintiff in error. *Thomas S. Felder, attorney-general,* and *Thomas J. Brown, solicitor-general,* contra.