Eva Belle Haight, appellant, v. Omaha & Council Bluffs Street Railway Company, appellee.

Filed December 4, 1914.   No. 17,889.

1. **Appeal:** Conflicting Evidence. A verdict rendered upon conflicting evidence will not be set aside unless it is manifestly wrong.

2. ———: Presumptions. All presumptions are in favor of the regularity of the proceedings of the district court. Error will not be presumed, but must be affirmatively shown.

3. ———: Jury Panel. Where it is asserted that the district court erred, in a county of over 30,000 population, in directing the sheriff to fill the panel of jurors instead of by requiring the clerk to draw the names of sufficient jurors from the jury box or wheel, it is incumbent upon the appellant to show that the list of names of persons competent to serve as jurors placed in the wheel as required by statute had not been exhausted at the time such direction was made by the court.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Affirmed.*

*Weaver & Giller,* for appellant.

*John L. Webster, W. J. Connell* and *William R. King,* contra.

Letton, J.

This is an action to recover for personal injuries which it is alleged were caused by the sudden and negligent starting of a street car in the city of Omaha while the plaintiff was in the act of alighting therefrom. The jury returned a verdict for defendant. Plaintiff appeals.

Two reasons are urged for the reversal of the case: (1) That the verdict is not supported by the evidence; (2) that the jury which tried the case was illegally constituted.

As to the first point: Plaintiff's testimony was to the effect that, when the car stopped at Yates street, three passengers left the car in front of her; that the conductor did not give her time to alight, and that as she was stepping off the car it lurched forward and she fell striking the pavement with great force and was severely injured. On the other hand, the conductor, the motorman and four passengers testified that the car stopped to allow some passengers to take the car; that after these had entered the conductor pulled the bell cord and the car started; that the plaintiff then arose and informed the conductor she wanted to alight at that place; that the conductor pulled the bell cord, and that while the car was moving slowly, and before it had completely stopped, which it did within a few feet, the plaintiff stepped down, fell, and was hurt. In this state of the evidence it was for the jury, and is not for this court, to determine whether the plaintiff or these other witnesses were telling the truth, and there was sufficient evidence to support the verdict.

The district court for Douglas county consists of several judges. While one of the judges was conducting the trial of a criminal case, the regular panel of jurors became exhausted, and the district court made the following order: "The regular panel of petit jurors now having been exhausted and the jury in this case being incomplete, it is by the court ordered the sheriff summon from the body of the county twelve (12) men having the qualifications of jurors, from which to fill the panel in this case, or such other case as may be assigned for trial during the remainder of the third three weeks of the October, 1910, term of the district court." Talesmen were accordingly called to fill the panel, five of whom participated without objection in the trial of this case. The trial judge evidently proceeded under the provisions of section 8143, Rev. St. 1913, which is the general statute formerly applicable to every county in the state. In 1905 a statute was

enacted providing for the summoning of jurors in counties of 30,000 inhabitants or more. Rev. St. 1913, secs. 8148-8159. This statute provides for the selection by the county board each year of a definite number of names of qualified persons to serve as jurors in that year. These names are placed in a box or wheel, and on the first day of each trial term the clerk of the court draws 30 names of persons for each judge sitting with a jury, who shall act as jurors for the first three weeks of the term, and like proceedings are had for other periods of three weeks as needed. Section 8156, in substance, provides that jurors may be called by the sheriff, when directed by the court, when a vacancy in the panel exists and before the panel is filled, as in that section prescribed, for the trial of a case then pending, but that, "if for any reason the panel of petit jurors shall not be filled at the opening of such court, or at any time during the term, the clerk of such court shall, when ordered by the judge, again repair to the office of the clerk, and draw in the same manner as at the first drawing such number of jurors as the judge shall direct, to fill such panel." If there were names left in the jury box or wheel at the time the order was made, the proceeding was irregular; but there is no showing by the plaintiff that the regular list of names selected by the officers of the court under the statute and placed in the jury wheel had not been exhausted at the time this order was made.

The presumption always attaches that the proceedings of the court were regular, and the burden is upon any one attacking the validity of the same to establish his contention affirmatively.

In *Clawson v. United States*, 114 U. S. 477, 5 Sup. Ct. Rep. 949, it was held by the supreme court of Utah and by the supreme court of the United States, where the facts were that the names of 200 persons in a jury box as provided for by the acts of congress governing courts in the territory of Utah were exhausted, and the jury in a case on trial was only partly impaneled, that even without a statute the power of the court to issue an open venire directed to the sheriff to summon talesmen existed; that

such power was inherent in the court, was not forbidden by any statute, and still remained. Giving the presumption of regularity due weight, it must be presumed that at the time the order in this case, in the absence of evidence to the contrary, was made the names in the jury box or wheel had been exhausted, and the court had power to order the panel filled by the sheriff.

Furthermore, the general rule is that one cannot wait until after a jury has returned an adverse verdict before raising objections to the qualifications of jurors. The mere fact that he had no knowledge at the time is not sufficient to waive the requirement that the qualifications must be examined into before impaneling the jury. The means of knowledge were as easily accessible before the jury were in the box as they were after the verdict had been rendered. *Turley v. State,* 74 Neb. 471; *Reed v. State,* 75 Neb. 509; *Embry v. State,* 138 Ga. 464; *Faulkner v. Snead,* 122 Ga. 28; *Beals v. Cone,* 27 Colo. 473.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.