## SMITH *v.* THE STATE.

No. 9171. AUGUST 11, 1932.

*Branch & Howard* and *Thomas Branch Jr.,* for plaintiff in error.

*Lawrence S. Camp,* attorney-general, *John A. Boykin,* solicitor-general, *T. R. Gress,* assistant attorney-general, *J. W. LeCraw,* and *John H. Hudson,* contra.

GILBERT, J. Frank Smith was convicted of the crime of murder. His motion for a new trial was overruled, and he excepted.

Movant complains that the court charged the jury as follows: "It is contended by the State, and denied by the defendant, that this defendant, Frank Smith, made certain statements or admissions that illustrate his guilt or innocence. You would first determine whether or not he made such statements. If you find that he did make them, you would be authorized to consider them in connection with all other evidence in the case and the defendant's statement, in determining his guilt or innocence, provided you find they were freely and voluntarily made. I instruct you, however, that all statements, if made, should be scanned with care and received with great caution. An admission alone would not be sufficient upon which to convict. An admission, if made, would have to be corroborated by other facts or circumstances that tend to connect the defendant with the crime as charged." The criticism is that the court included in said charge these words: "An admis-

sion, if made, would have to be corroborated by other facts or circumstances that tend to connect the defendant with the crime as charged." It is contended that, unlike a confession, an admission is "merely a waiver of proof of one fact or several facts," and not of all proof. *Held*, that the excerpt must be considered with the entire charge. So considered, it is not erroneous.

■ The court did not err in failing to charge on the subject of voluntary manslaughter, either as based upon Penal Code § 64, or upon the theory of mutual combat. The State made a case of deliberate murder from ambush. The defendant made a case of precisely the same character, but reversed; that is, that the deceased and others attempted to assassinate the accused, but that the latter in self-defense shot the deceased. Accordingly, voluntary manslaughter was not involved under either theory claimed. There was no "mutual combat."

■ The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*