## NEEDHAM v. UNITED STATES.
### No. 5231.

Circuit Court of Appeals, Seventh Circuit.
Oct. 25, 1934.

Rehearing Denied Nov. 13, 1934.

Leslie A. Needham, of Chicago, Ill. (David K. Tone, and Alvin Glenn Hubbard, both of Chicago, Ill., of counsel), for appellant.

Dwight H. Green, U. S. Dist. Atty., and Warren Canady, Asst. Dist. Atty., both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

Needham alone appeals from a judgment against him and his codefendants, under an indictment for using the mails to defraud. His sentence was one year's imprisonment. The evidence given on the trial is not before us. The errors alleged relate wholly to the sufficiency of the indictment, and to the drawing and summoning of the petit jury.

The contentions respecting the insufficiency of the indictment were fully presented to us and considered upon the appeal from a prior conviction of all the defendants under this same indictment, which resulted in reversal of the judgment. Norcott et al. v. United States (C. C. A.) 65 F.(2d) 913.

Appellant contends that upon that appeal the sufficiency of the indictment was not as to him presented, in that he had not demurred to it; but, on the contrary, the court denied his motion to withdraw his plea of not guilty and to file a demurrer, whereas prior

to this trial he was permitted to withdraw his plea and to file his demurrer, which the court overruled. Several of his codefendants, however, did demur before the first trial, and the sufficiency of the indictment was there presented and elaborately briefed. Besides Needham there raised and urged the same propositions as to the indictment, upon his motion in arrest of judgment, which was denied.

Regardless of any question as to whether our prior decision sustaining the indictment is now the law of the case, we are satisfied that all those matters here presented respecting the sufficiency of the indictment had our full and adequate consideration on the former appeal, and were there properly decided. We perceive no reason for now holding otherwise.

Respecting the questions raised concerning the jury, none of them are personal to any of the jurors who sat in the case, but extend to the observance of the requirements in the drawing of the jurors and the service of the several venires.

The first order was for a hundred jurors; the second and third each for fifty. From the first venire six of the jurors who tried the case were taken, five from the second, and one juror and two substitute jurors from the third. It does not appear that the substitute jurors became members of the jury.

Timely challenge to the array was interposed to the first panel, but neither by challenge to the array nor in any other manner was objection made to the second' and third panels until long after the rendition of the jury's verdict, after many weeks of trial. The challenge to the first panel was made orally on the day the trial commenced, with leave of the court to reduce it to writing afterwards and to verify it and have it filed nunc pro tunc as of the date of the oral challenge. Five days later a verified challenge in writing was filed nunc pro tunc as of the date of the oral challenge. An order sustaining the Government's demurrer to the challenge was then entered nunc pro tunc as of date of the previous order to that effect.

Several of the alleged causes for challenge are directed to the want of apportionment among all the counties of the district of the jurors drawn under the first venire. Concededly there is no statute requiring jurors to be apportioned among the various counties or parts of a district. It has been held that if jurors are drawn in a certain manner, or from parts of the district less than the whole, it will be presumed, unless the contrary appears, that this was in compliance with rule or order of the court. Lewis v. United States, 279 U. S. 63, 49 S. Ct. 257, 73 L. Ed. 615.

Other causes stated in the challenge are that the jurors were not summoned by the marshal as by law required. Assuming this to be so, the jurors appeared and those selected from the first panel served, and the record affords not even a suggestion of any harm or prejudice to appellant which thereby accrued. And indeed this may be said as to all of the stated causes.

Such matters do not go to the merits, and where no harm or prejudice appears to have accrued to a defendant by reason of such irregularities, judgment will not be disturbed because thereof. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624; Morrison v. United States, 71 F.(2d) 358, 359 (C. C. A. 5); Brookman v. United States, 8 F.(2d) 803 (C. C. A. 8); Siebert v. People, 143 Ill. 571, 32 N. E. 431.

In one of the alleged causes it is stated on information and belief that when the first panel was drawn there were not in the box three hundred or more names of jurors apportioned among the counties of the district and possessing the qualifications of jurors as provided by law. Except as stated in the other causes, there are no facts alleged to sustain this allegation, and nothing is set forth to indicate in what respect the jurors whose names were in the box did not possess legal qualifications.

Appellant's contention that the Government's demurrer to the challenge to the array admitted its allegations is beside the issue. A demurrer admits only well-pleaded facts.

In the oral challenge, after statement of the causes which were subsequently set forth in the written challenge, it was further stated that appellant offered to prove that the jury commissioner and the clerk of the court had for years adopted a course of eliminating from the jury box the names of persons who had as jurors at any previous time voted not guilty in any criminal cases, and that many of the jurors whose names were placed in the jury box were placed there by the jury commissioner and clerk upon request of the prospective juror. These charges were not carried into the written challenge and do not appear from the record to have been asserted at any time prior to the appeal, and may therefore be said to have been abandoned. But in any event they were wholly unsupported and will not now be considered.

As to requests of prospective jurors to have their names placed on the jury list, the evidence shows that on their voir dire six of those called admitted making such request, and they were dismissed for cause. The others denied making such request, and there is no suggestion that any of the jurors who were accepted had so requested. Indeed, the record discloses no fact with reference to any juror accepted to try the case wherefrom there would arise the remotest suspicion that the juror was in any manner personally disqualified, or that his acceptance as a juror was in any degree prejudicial to appellant.

Furthermore, when the jury had been accepted four of appellant's ten peremptory challenges remained unexercised. This has been quite generally held to indicate that irregularities in the drawing and summoning of the jurors did not constitute prejudicial error which would subject to reversal a judgment of conviction. Hopt v. Utah, 120 U. S. 430, 7 S. Ct. 614, 30 L. Ed. 708; Stroud v. United States, 251 U. S. 15, 40 S. Ct. 50, 64 L. Ed. 103; Spies v. Illinois, 123 U. S. 131, 8 S. Ct. 21, 31 L. Ed. 80; Siebert v. People, supra. We find nothing in the record which would justify disturbance of this judgment because of any of the alleged errors respecting the drawing of the jurors or source of the venire.

On September 27, 1934, appellant filed here a motion to remand the cause to the District Court, and for leave to present to the District Court a motion for new trial based on the affidavit of appellant, presented with the motion to remand, mainly to the effect that upon his information and belief there was, at the time of the issuance of the venires, no box whatever from which names of jurors were drawn; that the names in the venires were not drawn from any box; and that the jury commissioner was then, and for a long time before had been, utterly incapacitated, and took no part whatever in the drawing of any panel of jurors. The affidavit also sets forth, on information and belief, other irregularities in the drawing of the jurors—that before the second venire was drawn appellant requested of the court permission to be present at the drawing, but that the court declined to direct the action of the drawing officers in this regard; and that appellant had diligently sought to obtain the facts but was, by the clerk of the court and the judges thereof, denied the right of such inspection in the clerk's office as would reveal the facts concerning those matters.

Appellant grounded his right to have the cause remanded to the District Court for hearing this proposed motion for new trial, first presented here, upon the authority of the rules of the Supreme Court regulating the practice and procedure after plea of guilty, verdict or finding of guilt, in criminal cases brought in the District Courts of the United States, which rules were adopted pursuant to the provisions of an Act of Congress, approved March 8, 1934 (28 USCA § 723a). The reliance is evidently on paragraph 3 of rule II of the rules (28 USCA § 723c), which provides that in the event an appeal has been taken "the trial court may entertain the motion (for new trial) only on remand of the case by the appellate court for that purpose, and such remand may be made at any time before final judgment." It is sufficient answer to appellant's contention to say that in the order of the Supreme Court establishing these rules it is specified "that these rules shall be applicable to proceedings in all cases in which a plea of guilty shall be entered or a verdict or finding of guilt shall be rendered, on or after the first day of September, 1934." The judgment against appellant was rendered March 30.

Judgment affirmed.