## MORGAN et al. v. SUN OIL CO. et al.
### No. 9229.

Circuit Court of Appeals, Fifth Circuit.
Jan. 15, 1940.

Oliver J. Todd and A. M. Huffman, both of Beaumont, Tex., and Durrell Carothers, of Houston, Tex., for appellants.

J. W. Timmins and T. L. Foster, both of Dallas, Tex., Jno. C. Townes and Fred L. Williams, both of Houston, Tex., and J. L. Pitts, of Conroe, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This action against Sun Oil Company was brought by Duncan Morgan and others to recover title to 160 acres of valuable oil land in the A. Steele Survey, Montgomery County, Texas. The plaintiffs, appellants here, claim title to the land as descendants and heirs at law of one James Morgan and his wife Martha Shepherd Morgan. Various parties intervened in the cause and have been classified according to their claims as intervening plaintiffs or intervening defendants.

In their petition the plaintiffs aver that James Morgan and those claiming through and under him held exclusive, peaceable, and adverse possession of the land in question for more than ten years after 1869, and that by such continuous possession Morgan had perfected title under the Texas Statute of Limitations. Sun Oil Company, defendant appellee, filed answer to the petition, admitted the jurisdictional allegations, by plea asserted that title was in its lessors, and as a bar to the action set up the three, five, ten, and twenty-five year statutes of limitation. The answer filed by the intervening defendants was substantially the same as that of Sun Oil Company.

The case was tried to a jury which returned a verdict in the form of answers to interrogatories propounded by the court. In accordance with the findings of the jury the court entered judgment for the defendant, Sun Oil Company, and the interven-

ing defendants, Keystone-Garrett Company, Gar Flo Oil·Company, W. N. Foster, and W. M. Williams. From this judgment Duncan Morgan and others have appealed.

The appellants contend that the jury trying the case was not a lawful jury for the reason that the names of nine men on the jury panel were not drawn from the jury box as provided by Section 276 of the Judicial Code, 28 U.S.C.A. § 412. The record shows that on October 28, 1938, the court discovered that there were not enough jurors to make a full panel and thereupon ordered the marshal to summon ten talesmen "to complete the panel of the Petit Jury". On October 31st nine of the ten talesmen summoned appeared and were sworn in "as petit jurors in causes generally for the term". The panel so constituted was used up to and including December 5, 1938, when this case was called for trial.

■ Section 280 of the Judicial Code, 28 U.S.C.A. § 417, provides: "When, from challenges or otherwise, there is not a petit jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court * * * return jury-men from the bystanders sufficient to complete the panel * * *." While tales-men are summoned for use in a particular case when the regular panel has been exhausted, Nesbit v. People, 19 Colo. 441, 36 P. 221, 229; State v. Moncla, 39 La.Ann. 868, 2 So. 814, it is not necessary that the talesmen be actually in the courtroom when summoned. They are no less·bystanders because summoned in advance to be there for use when needed. United States v. Loughery, 26 Fed.Cas. page 998, No. 15,631; Cravens v. United States, 8 Cir., 62 F.2d 261, 269; State v. Moncla, 39 La. Ann. 868, 2 So. 814; Patterson v. State, 48 N.J.L. 381, 4 A. 449; Bird v. Georgia, 14 Ga. 43. The record shows that the regular panel was short and that use of talesmen was necessary in this case. The fact that they were already in the courtroom under prior order of the judge to report, does not affect the substantial legality of their use and service. This is particularly so since this use conforms to the long standing and reasonable practice in this district and generally in the federal courts of having acceptable jurors summoned in advance and ready for use when "there is not a petit jury to determine any civil or criminal cause in the court" rather than delaying each case until the marshal has had time to go' out and bring into court. talesmen for use in that particular case. Moreover, if the use of talesmen be considered an irregularity, the record shows that the plaintiffs were not injured or prejudiced in any way by the irregularity and that the jury was in all things fair and impartial. All orders relating to this jury were promptly entered on the official minute book of the court and are shown in the record. The appellants in the exercise of diligence could have ascertained all facts about the panel long before the trial of the cause. They made no objection to any irregularity until after return of the verdict and, since no injury or prejudice is shown, they cannot now be heard to complain. See Nesbit v. People, 19 Colo. 441, 36 P. 221, 229; Haight v. Omaha & C. B. St. R. Co., 97 Neb. 293, 149 N.W. 778; Id., 99 Neb. 56, 154 N.W. 836; Strang v. United States, 5 Cir., 53 F.2d 820; Wilson v. United States, 5 Cir., 104 F.2d 81; Needham v. United States, 7 Cir., 73 F.2d 1; Brookman v. United States, 8 Cir., 8 F.2d 803; Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624.

■ When the jury retired to consider the case, they took with them certain ex-parte statements signed by J. J. Shepherd, a witness for the plaintiffs. Appellants contend that the statements were received in evidence for impeachment purposes only and that the court committed reversible error by allowing the jury to take the statements with them. The contention is without merit. The exhibits were delivered to the jury in open court in the presence of counsel for both sides and no objections were made. After verdict, in opposing the defendants' motion for judgment, the plaintiffs sought to prove by the testimony of members of the jury that the statements had been improperly discussed and considered in the jury room and that some of the jurors had a misconception of the charge of the court as to "continuous possession". It is the rule in federal courts that a losing party cannot, in order to secure a new trial, impeach the verdict of the jury by using the testimony of jurors as to what they considered and thought in the jury room. McDonald v. Pless, 238 U.S. 264, 269, 35 S.Ct. 783, 59 L.Ed. 1300; Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; Consolidated Rendering Co. v. New Haven Hotel Co., D.C., 300 F. 627; Brabham v. State of Mississippi, 5 Cir., 96 F.2d 210; Clark v. United States, 289 U.S. 1, 53 S. Ct. 465, 77 L.Ed. 993.

The appellants also seek reversal of the case because of alleged improper remarks of counsel in argument to the jury. The record shows that counsel for plaintiffs was present and heard the argument of the defense counsel, and that no objection was made to the statements which they now say were prejudicial error. The appellants have brought up only a partial record and there is no way to determine that the argument of counsel was not supported by or responsive to the entire record. Since the record is silent on the point error will not be presumed. Hartford Accident & Indemnity Co. v. Baugh, 5 Cir., 87 F.2d 240; Maryland Casualty Co. v. Reid, 5 Cir., 76 F.2d 30.

Appellants further contend that the court erred in excluding the testimony of the witness J. J. (Doc) Shepherd as to the possession and occupancy of the land by James Morgan. Shepherd was the son of Martha Shepherd Morgan, wife of James Morgan. Shortly before the trial of this case Shepherd deeded his interest in this property to his children. He was called as a witness for the plaintiffs to testify as to the use and occupancy of the land. When he attempted to testify as to statements and transactions of James Morgan, the man through whom appellants claim title, the defendants objected on the ground that such testimony was inadmissible under the Texas "Dead Man's Statute", Article 3716, Texas R.S.1925. The court sustained the objection and held that Shepherd's transfer was not made in good faith and that he was disqualified under the statute to testify as to any acts on the part of his mother or step-father in securing title to the land in question. Under our view of this specification of error it is not necessary to pass upon the admissibility of Shepherd's testimony since the occupancy of Morgan is of no avail without a showing of continuous possession by William Bishop and Albert Primus. The defendants took the position and sought to prove that neither of these men had lived on the land between 1870 and 1882. While Shepherd's testimony was excluded under the "Dead Man's Statute" as to the occupancy of James Morgan, he was allowed to testify as to the occupancy and possession of the other parties. The jury in answering the questions propounded by the court found that neither Bishop nor Primus had entered upon the land in question. The continuous possession of Bishop and Primus was vital to the claim of the plaintiffs and the jury with all the evidence before them found that these men had not occupied the land. It is, therefore, apparent that if the court erred in excluding the testimony of Shepherd as to Morgan's occupancy it was error without injury.

Harmless error is not ground for setting aside or disturbing a verdict or judgment. We sit to do substantial justice and where, as here, after an examination of the entire record before us it appears that substantial justice has been done, the judgment will not be disturbed. Rule 61 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c; 28 U.S.C.A. § 391.

The judgment is affirmed.