## 30261. MATTHEWS *v.* THE STATE.

DECIDED NOVEMBER 6, 1943.

*Willis Smith,* for plaintiff in error.

*Leon L. Meadors, solicitor-general,* contra.

BROYLES, C. J. The defendant was indicted for the offense of murder and convicted of voluntary manslaughter. His motion for a new trial was overruled and that judgment is assigned as error.

Special ground 1 of the motion complains of the failure of the court to charge the jury regarding the dangerous and violent character of the deceased. It does not appear from the ground that such a charge was requested, and therefore the failure to give it was not error. *Fudge* v. *State,* 190 *Ga.* 340 (7), 345 (9 S. E. 2d, 259), and cit.

Ground 2 excepts to the omission of the court to instruct the jury specifically on the law in reference to certain alleged threats made by the deceased against the life of the defendant. There was no request for such instructions, and the court in charging on the law of justifiable homicide, correctly instructed the jury upon the defendant's right to defend his person against another who manifestly intends or endeavors, by violence or surprise, to commit a felony upon him; and also upon the law applicable where the circumstances are sufficient to excite the fears of a reasonable man. "Where the court, in dealing with the subject of justifiable homi-

cide, correctly charged the law touching the right to defend one's person against another who manifestly intends or endeavors, by violence or surprise, to commit a felony upon him, and also the law applicable where the circumstances are sufficient to justify the fears of a reasonable man that such a felony is about to be committed, it does not furnish a ground for reversal that the court did not particularize certain circumstances which the jury might consider in that connection, such as threats and menaces. If the defendants desired a charge to the effect that evidence of threats and menaces might be considered in connection with other evidence bearing on the subject of reasonable fears, they should have made a proper request therefor, if the facts warranted the giving of it." *Futch* v. *State*, 137 *Ga.* 75 (2a) (72 S. E. 911); *Tillman* v. *State*, 136 *Ga.* 59 (3) (70 S. E. 876). The ground is without merit.

Ground 3 assigns error on the following excerpt from the charge: "The law presumes every homicide to be malicious until the contrary appears from circumstances of alleviation, of justification or excuse, and it is incumbent upon the defendant to make out such circumstances to the satisfaction of the minds of the jury, unless they appear from the evidence produced against him." The ground alleges that the court should have qualified the charge by instructing the jury in connection therewith that the material allegations in the indictment would have to be proved before any presumption would arise against the defendant. This excerpt was part of the charge relating to the offense of murder, and even if erroneous, would not furnish ground for a new trial, since the defendant was convicted of the lesser crime of manslaughter.

Ground 4 complains of the court's alleged failure to fully charge the law of mutual protection relating to husband and wife. The charge of the court, as shown by the record, contains full and correct instructions upon the right of the defendant to shoot and kill another, if necessary to protect his wife's life, or if acting under the fears of a reasonable man he believed her life was in danger, or that a serious personal injury or a felony was about to be committed upon her. The ground is without merit.

The evidence, while conflicting, amply authorized the verdict.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*