## CAPELLA et al. v. ZURICH GENERAL ACC. LIABILITY INS. CO. et al.

### No. 13539.

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1952.

Rehearing Denied March 20, 1952.

Stanley McDermott, New Orleans, La., for appellants.

Frank S. Normann, Felicien Y. Lozes, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Appellants, two adult and non-dependent children, brought this suit for damages for the death of their father, caused by defendant's negligence, and obtained a jury verdict for $6000.

Appealing from the judgment on the verdict, by and through the counsel who obtained it, they seek its reversal on the ground that the award was grossly inadequate.

Faced with the settled rule that excessiveness or inadequacy, in fact, of a jury verdict presents nothing for our review,[1] counsel seeks to avoid the effect of the rule by adding as his primary and main ground of complaint that the award is inadequate because brought about by his mistake in law and in fact in seeking permission from the trial court to discuss with the jury awards which had been approved by the appellate courts of Louisiana in other death damage cases.

Purely as make weights, counsel assigns two other grounds of error. One of these is that the district court declined to charge the jury with respect to a stipulation as to the extent of liability of the defendants which was both read, argued, and given, to the jury. As to this, it is quite plain that the stipulation was clear and unambiguous and needed no judicial interpretation, and that the refusal to give it was not error. Further, upon the judge's stating that he would let the jury have the stipulation, the request for the charge was not pressed.[2]

The second is the claim that the court erred in refusing to give plaintiffs' special charge #5, that in fixing the amount they might feel was right and proper, the jury was privileged to give consideration to the fact that the purchasing value of the dollar under present day economic conditions was greatly depressed.

In their brief, plaintiffs say that it is their belief that, due to the argument of their counsel and to the every day experiences of the jury, the decreased purchasing power of the dollar was taken into consideration by them and, because of this belief, "the objection to the refusal to charge on the decreased value of the dollar is not being seriously urged by plaintiffs in this appeal". We therefore certainly cannot take it seriously.

Since, however, appellants quote from the opinion of this court in New Amsterdam Cas. Co. v. Soileau, 167 F.2d 767, 771, 6 A.L.R.2d 128, "The court correctly charged that in fixing the award the jury could consider the purchasing power of the Dollar", and, based upon it, insist that a duty rested upon the judge in this case to give their charge #5, we deem it proper to say that the statement quoted from our opinion was not decisional or authoritative. It was a *dictum*[3] made *arguendo*, by the judge writing the opinion, in support of the view that a complained of charge on the ability of the defendant to pay could not be considered harmful error, since the amount of the verdict was not out of line with prior awards approved in the cited Louisiana decisions.

A thorough examination of the record and briefs in that case shows that no objection was made to, no question was made in the Court of Appeals on, or in respect to,

---

1. Wabash Railway Co. v. McDaniels, 107 U.S. 454, 2 S.Ct. 932, 27 L.Ed. 605; Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Chicago & N. W. Ry. Co. v. Kelly, 8 Cir., 74 F.2d 31; Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55. Cf. Sunray Oil Corp. v. Allbritton, 5 Cir., 187 F.2d 475, on rehearing, 5 Cir., 188 F.2d 751.

2. Upon the court's stating, "There won't be any misunderstanding, I will not charge that", counsel stated, "I would like them to read the stipulation, because there may be a little confusion". The court replied, "If agreeable to both counsel, I will let the jury have the stipulation", and counsel stated, "Yes, sir, I would like to read the paragraph to the jury", to which the court replied, "They will read the whole thing."

3. The Pacific Maru, D.C., 8 F.2d 166, at page 171; Carroll v. Carroll's Lessee, 16 How. 275, 57 U.S. 275, 286, 14 L.Ed. 936.

the charge that in fixing the award the jury could consider the present purchasing power of the dollar. The decision is, therefore, not even authority for the proposition that the giving of such a charge would not have been reversible error. It is certainly not authority for the view advanced by appellant that the refusal to give such a charge would be in any case, or was here error.

Matters standing thus, with the supplemental errors assigned, this appeal is unique in that appellants predicate their real claim for reversal, not on errors of law committed by the court to their prejudice, but on what is claimed to be an error of law and of judgment on the part of their counsel. Instead of presenting the usual requisite for reversal, a claim of error committed by the court over the objection of their counsel, an error substantial and prejudicial in its nature, they present the anomalous claim that because their counsel, the same counsel below as here, requested permission to and argued the case to the jury as he wished, the judgment must be reversed, because counsel's course was based upon a mistake of law and of judgment.

Appellees, invoking the settled rule that an appellate court will not, indeed cannot, review claimed error, when the complained of proceeding or action is not a part of the record or when, if it is, timely objections are not taken and noted, points to the complete absence from the record of any account of, or reference to, the request by, or argument of, plaintiffs' counsel.

Further denying that, if this appeared of record, the matter complained of was, or could be error, they insist that, if error, it was invited error, of which counsel may not complain.

We agree with appellee throughout. Its first and fundamental objection, that since the matters sought to be presented find no support in the record they cannot be considered here, is insurmountable.[4] Its second and third, that counsel may not invite error and then complain of it, and that, without timely objection and an opportunity to make correction, a court may not be put in error, are equally so.[5]

Finally, appellants' counsel mistakes the purpose and effect of our opinions in Dowell, Inc., v. Jowers, 5 Cir., 166 F.2d 214, 2 A.L.R.2d 442 and 5 Cir., 182 F.2d 576, when he reads them as authority for his contention that it was error for the parties here to agree, as appellant and appellee say in their briefs they did, to discuss awards in other cases, and for the court to permit them to do so. They certainly did not hold that the trial court could be put in error by the unobjected to action of plaintiffs' counsel in discussing amounts that had been awarded by the courts of Louisiana in similar actions.

No error being made to appear, the judgment is

Affirmed.

4. Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178.

5. Mutual Life Ins. Co. v. Daigle, 5 Cir., 142 F.2d 1000; Maryland Cas. Co. v. Reid, 5 Cir., 76 F.2d 30.