Margaret E. MONTGOMERY,
Appellant,

v.

MARVA THEATERS, Inc.,
Appellee.

No. 6877.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 18, 1954.

Decided Dec. 28, 1954.

Ernest V. Wachs, Hagerstown, Md. (Ginsberg & Ginsberg, Baltimore, Md., on brief), for appellant.

J. Gilbert Prendergast, Baltimore, Md. (Clark & Smith, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from a judgment on a verdict for defendant in an action for personal injuries. Defendant is the proprietor of a drive-in theatre near Hagerstown, Maryland. Plaintiff was a patron who was injured when she fell as the result of jumping backward to get out of the way of an automobile which was proceeding without lights down one of the lanes of the darkened theatre. Plaintiff claimed that defendant was guilty of negligence in allowing automobiles to move in the darkened theatre without lights and without providing means of warning patrons who might be in the lanes of their presence. The case was carefully tried by an experienced trial judge, who charged the jury at length on the principles of law applicable in the case. The only questions argued in the brief re-

late to alleged errors in the charge, but no exceptions were taken to the charge at the time, as required by Rule 51, 28 U.S.C.A., except that at the conclusion of the charge plaintiff's counsel excepted to the portion relating to the requirement of defendant that automobiles turn off their lights on entering the theatre. Upon inquiry by the court as to what plaintiff was asking as to this, counsel stated: "I am asking you to instruct the jury that the jury may consider that as to whether or not it is negligence." The court thereupon replied: "Very well. They may consider it, but I have also told them from the nature of the business it would seem to be inconsistent not to turn off the lights. But they can consider it along with other things." No further exception was noted by counsel for plaintiff, who was apparently satisfied with the instruction given.

■ Plaintiff complains particularly that custom rather than reasonable prudence was made the standard of due care in the charge, but no exception on that ground was taken, and we find no basis for such exception. On the contrary, the court said in one portion of the charge:

"The thing that is urged here as negligence on the part of the defendant is that he did not have someone accompany these moving automobiles with a light of some kind, or otherwise, and did not take the precautions to have the automobiles plainly apparent to people who were crossing the lanes in the dark. There is no evidence in the case to show that there is any general requirement of that kind with regard to drive-in theatres, and there is a good deal of evidence, that you heard, quite to the contrary. However, it is true, as plaintiff's counsel said, that custom alone does not make the law as to when the defendant has been negligent. If the defendant has failed to provide a reasonably safe place consistent with the nature of the business in which he is engaged, then, the mere fact that other, or many other, theatres did the same thing would not of itself be a defense to the defendant."

■ Because of contentions made on oral argument, we have examined the record in the case but find no error in the admission or rejection of testimony. Plaintiff argues that the court unduly limited the testimony as to the need for lights or for ushers with lights to guide the cars; but a reading of the record shows that these matters were fully explored. It is true that the trial judge excluded the testimony of a witness to the effect that on one occasion she had seen ushers with lights guiding cars in another theatre and that the judge indicated that this was not the proper way to prove custom, but he later stated that he would admit evidence as to practices followed in other theatres by persons who had knowledge of such practices; and plaintiff made no effort to introduce evidence of this sort. No evidentiary points are argued in plaintiff's brief and for that reason are deemed abandoned. See our rule 10 paragraph 8. In the interest of justice, however, we reserve under the rule the power to notice plain error even though not argued or objected to. With this in mind, we have examined the record in the case, and find that it was carefully and correctly tried and that there was nothing either in the rulings on the evidence or in the charge of the court which would justify us in disturbing the verdict of the jury.

Affirmed.