FEI–MAN TZU and Lien Chao Tzu,
Appellants,

v.

Arthur J. ROBERTSON, Guardian ad
litem for Mary Jane Evans, infant, and
Gerald Albert Evans, Appellees.

No. 7629.

United States Court of Appeals
Fourth Circuit.

Argued June 6, 1958.

Decided June 9, 1958.

Daniel L. O'Connor, Washington, D. C.
(Woodrow A. Shiver, Washington, D. C.,
and William E. Brooke, District Heights,
Md., on brief) for appellants.

Paul M. Higinbothom, Paul R. Kach
and W. Frank Every, Baltimore, Md., on
brief for appellees.

Before SOBELOFF, Chief Judge,
HAYNSWORTH, Circuit Judge, and
MOORE, District Judge.

PER CURIAM.

This is an appeal in a tort case in
which a jury, upon conflicting evidence,
brought in a verdict for the defendant
motorist. The plaintiff, the injured
pedestrian, seeks to challenge the action
of the trial judge in permitting the jury
to take with them into the jury room a
typewritten copy of two sections of the
Maryland Traffic Laws defining the
right-of-way as between a motorist and
a pedestrian. Code 1957, art. 66½, §§
193 and 236. These statutes had been
read to the jury by the trial judge in
the course of his charge, and the fore-
man of the jury requested permission to
take the copy into the jury room. Coun-
sel for both parties consenting, permis-
sion to do so was granted.

 The plaintiff concedes that her
consent deprives her of standing to ques-
tion this action of the District Judge
upon appeal, but she urges that we in-
voke our reserved powers, under Rule 10,
subd. 8 of this Court, 28 U.S.C.A., to
notice plain error, in the interest of jus-
tice, whether or not there was objection
or exception in the court below.

We find no "plain error," however.
The jury was not permitted to rummage
through a copy of the traffic laws, but
took with them only a copy of those con-
trolling sections which they were in-

structed to apply to the facts as they found them. Done with the consent of counsel, this was clearly within the discretion of the trial judge.

Moreover, this is not the sort of situation contemplated by our Rule 10, subd. 8. After a fair and complete charge, to which no exception was taken, the jury resolved the sharp conflict in the evidence by a verdict for the defendant. That verdict is more than adequately supported by the evidence, and the trial judge has overruled a motion for a new trial. Our power, in the circumstances, is much more limited than that of the trial judge. Except, perhaps, in a most extraordinary case, we should not, by a critical examination of every ruling of the trial judge to which no objection was made at the time of trial, undertake to deprive the jury's verdict, approved by the trial judge, of the finality which is traditionally accorded it.

Affirmed.