**Mrs. Ruby RAMSEY, Appellee,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellant.**

**No. 8860.**

United States Court of Appeals
Fourth Circuit.

Argued March 29, 1963.

Decided May 9, 1963.

Julian B. Salley, Jr., Aiken, S. C. (Henderson, Salley & Cushman, Aiken, S. C., on brief), for appellant.

Sol Blatt, Jr., Barnwell, S. C. (Blatt & Fales, Barnwell, S. C., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and PREYER, District Judge.

PER CURIAM.

Defendant insurer appeals from an adverse judgment. The defendant's insured, John O'Neill, engaged one James Smith to repair a defective starter on a truck owned by O'Neill. The repairs were made by Smith, who then drove the truck some eight miles to heat up the engine in order that he might determine if the starter would crank the truck when the motor was hot. After testing the starter, Smith started home, stopping at the house of a friend for several hours. Thereafter, on his way home by the most direct route, which was the same by which he had driven to road test the truck, he was involved in a collision with the plaintiff. Plaintiff recovered judgment against Smith and now sues the defendant under the omnibus clause of O'Neill's policy, on the theory that Smith had, within the meaning of the insurance policy's terms, implied consent to drive. Counsel for the defendant consented to the Court's ruling that the issue which should be submitted to the jury was whether or not it was reasonably necessary for Smith to drive the truck seven or eight miles along the highway to heat the motor in order to determine if the starter was properly installed and working. All parties agreed that if the trip was reasonably necessary it was implied in O'Neill's instruction to repair the starter.

Defendant complains that there was not sufficient evidence to support the verdict and that the Court erred in refusing to allow him to argue deviation to the jury. We have read the record and find therein sufficient evidence to support the verdict when the testimony is considered in the light most favorable to the plaintiff. Nor do we think the defendant can now complain of the Court's refusal to allow him to argue deviation in view of his consent to submit the narrow issue of the extent to which the road testing was reasonably necessary. Counsel may not consent to the issue upon which his case will be brought to the jury and then bottom his

appeal on the argument that the Court was in error in confining him to that issue. Cf. Fei-Man Tzu v. Robertson, 256 F.2d 578 (4 Cir., 1958); Capella v. Zurich General Acc. Liability Ins. Co., 194 F.2d 558 (5 Cir., 1952).

■ Although counsel below did not formally object to the Court's formulation of the issue, this Court will nevertheless recognize plain and prejudicial error of its own volition. U.S.Ct.App. 4 Cir. Rule 10(8); Dudley v. Inland Mutual Ins. Co., 299 F.2d 637, 641–642 (4 Cir., 1962); Montgomery v. Marva Theaters, Inc., 218 F.2d 221 (4 Cir., 1954). We find no such error here; instead, we are of the opinion that the Court was correct.

Judgment affirmed.